UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| LAJUAN HARDY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos: 1:05-cr-79 |
| | ) | 1:10-cv-73 |
| UNITED STATES OF AMERICA, | ) | (VARLAN/CARTER) |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Lajuan Hardy ("petitioner"). The government has filed its response to the motion. Petitioner has also filed a motion to compel production of transcripts and a motion to amend the § 2255 motion. The motion to compel production [Doc. 86] will be **DENIED**. The motion to amend [Doc. 88] will be **GRANTED** to the extent petitioner seeks to supplement his § 2255 motion with additional proof. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

**I.     Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II. Factual Background

Petitioner was convicted by a jury of six counts of robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951 (2000), and was sentenced to concurrent terms of imprisonment of 240 months. [Criminal Action No. 1:05-cr-79, Doc. 63, Judgment]. Petitioner appealed, arguing that the evidence was not sufficient to support the convictions; he also objected to his sentence. The Sixth Circuit affirmed the convictions and sentence. *United States v. Hardy*, 302 F. App'x 420 (6th Cir. Dec. 4, 2008), *cert. denied*, 129 S. Ct. 1922 (2009). In doing so, the Sixth Circuit summarized the relevant law and evidence against petitioner as follows:

> In early January 2004, Hardy robbed six convenience stores in Chattanooga, Tennessee. After committing the first two robberies on January 4, Hardy called the Drug Enforcement Administration on January 8 and scheduled a meeting to confess his crimes. During the ensuing 24 hours, Hardy robbed four more convenience stores. On January 9, Hardy met with law enforcement officials and confessed his crimes.
>
> In June 2005, a federal grand jury returned an indictment charging Hardy with six counts of robbery, in violation of 18 U.S.C. § 1951 (2000).

2

> Hardy pleaded not guilty to the charges and trial commenced in March 2006. At trial, Hardy conceded that he had committed theft, but argued that he had not committed robbery because he did not (1) interfere with interstate commerce or (2) use or threaten force in the commission of the crimes....
>
> ...
>
> The Hobbs Act provides that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery ... shall be fined under this title or imprisoned not more than twenty years, or both." To prevail under the Hobbs Act, therefore, "the Government must prove two elements: (1) interference with interstate commerce (2) in the course of a substantive criminal act," such as robbery.
>
> Hardy challenges only one aspect of the sufficiency of the evidence, arguing that the "testimony regarding a[n] interstate nexus is best characterized by its vagueness and lack of substance." Hardy asserts that "[n]one of the evidence offered by the Government dealt in any way with the impact of the thefts at the individual stores on [their] ability to participate in interstate commerce."
>
> As an initial matter, we consider Hardy's challenge of this issue only as it relates to Counts One, Three, and Six. Fed.R.Crim.P. 29 requires a defendant to move for a judgment of acquittal to preserve appellate review of a sufficiency-of-the-evidence issue. Because Hardy moved for a judgment of acquittal specifically citing Counts One, Three, and Six, we review only those counts for sufficiency of the evidence.
>
> Turning to those three counts, we conclude that Hardy's argument lacks substantial merit. We observe that the government introduced testimony from employees of each of the stores relating to Counts One, Three, and Six. Each of those employees testified that the particular store purchased and resold items that were shipped or manufactured in other states. This evidence is sufficient for a rational fact finder to determine that Hardy's robbery had at least a de minimis effect on interstate commerce. Such effect establishes a sufficient nexus to interstate commerce.

*Id.* at 421-22 (quoting 18 U.S.C. § 1951(a); *United States v. Ostrander*, 411 F.3d 684, 691

(6th Cir. 2005)) (other internal citations and footnotes omitted).

3

Petitioner also alleged on direct appeal that the court erred in denying a reduction for acceptance of responsibility, a claim that the Sixth Circuit rejected.

> At sentencing, Hardy objected to the presentence-investigation report, arguing that it should have included an acceptance-of-responsibility adjustment. Hardy argued that he had accepted responsibility because he "confessed to these crimes pretrial"; entered into a stipulation with the government that "these offenses were committed"; and had not testified. The district court overruled Hardy's objection, stating that
>
>> [U.S.S.G. § 3E1.1 cmt.] note 2 states this adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt.
>>
>> In this case, however, which was tried by this court in Chattanooga, the defendant did exactly that. He denied that he interfered with commerce and/or used physical force to some extent and he put the government to its burden of proof on that or those issues.
>
> Because the record shows that Hardy disputed an element of the offenses, namely whether he used or threatened force, the district court's decision to deny Hardy's request for an acceptance-of-responsibility adjustment is not clearly erroneous. Although Hardy took some steps that indicate that he accepted responsibility (such as contacting the police and stipulating to committing theft), he nonetheless disputed a factual element of the charges. Thus, the sentencing judge did not clearly err.

*Id*. at 423. In support of his § 2255 motion, petitioner alleges he received the ineffective assistance of trial counsel and of appellate counsel.

## III. Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

4

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

5

As noted, petitioner has alleged ineffective assistance of both trial counsel and appellate counsel. The Court will consider each of these in turn.

**A. Trial Counsel**

Petitioner alleges that trial counsel was ineffective by failing to challenge the charges based upon selective and vindictive prosecution. Petitioner contends that, because he refused to plead guilty in state court on robbery charges and instead pursued his constitutional right to a jury trial, the state prosecutor turned the case over to the federal authorities for prosecution. This claim lacks merit.

The United States Attorney makes the decision whether to file federal charges against an individual. *See Wayte v. United States*, 470 U.S. 598 (1985).

> [T]he Government retains broad discretion as to whom to prosecute. So long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.

*Id*. at 607 (internal quotation marks and citations omitted). Moreover, in order to state a claim of selective prosecution, a petitioner must show that the prosecution "had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id*. at 608 (citations and footnote omitted).

In this case, petitioner robbed six convenience stores and the robberies had at least a de minimis effect on interstate commerce. Clearly, the government had probable cause to prosecute petitioner under the Hobbs Act. In addition, there is nothing in the record to suggest that petitioner's prosecution had a discriminatory effect or that it was motivated by

6

a discriminatory purpose. Petitioner claims that the state prosecutor knew that petitioner would serve more time in federal custody, and that his attorney should have challenged the prosecution on that basis. However, "[t]he fact that a greater sentence will result from a federal conviction than from a state conviction alone does not provide a basis to challenge an indictment." *United States v. Davis*, 15 F.3d 526, 530 (6th Cir. 1994).

There was no basis for trial counsel to challenge petitioner's federal indictment based upon selective or vindictive prosecution and the failure to do so was not ineffective assistance of counsel. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel). This claim of ineffective assistance of counsel lacks merit.

### B. Appellate Counsel.

Petitioner alleges that he was not allowed to have any input into what was presented on direct appeal and that there were issues he wanted raised. The only issue he specifically mentions, however, is that appellate counsel should have alleged that trial counsel was ineffective in failing to claim selective and vindictive prosecution.

A defendant "has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). However, a defendant does not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Id*. Thus, appellate counsel's decision as to what issues should be

raised on appeal cannot generally constitute ineffective assistance of counsel. "This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. at 751); *see also McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000) ("Strategic choices by counsel, while not necessarily those a federal judge in hindsight might make, do not rise to the level of a Sixth Amendment violation."); *Wright v. United States*, 182 F.3d 458, 466 (6th Cir. 1999) ("Appellate counsel is not ineffective simply because he or she decides not to raise every possible argument on appeal.").

As noted, the only issue petitioner specifically mentions that should have been raised on appeal is the claim that trial counsel was ineffective in failing to claim selective and vindictive prosecution. The Court has found, however, that trial counsel was not ineffective in that regard and thus appellate counsel was no ineffective in failing to raise the issue. *See Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (an attorney is not required to raise meritless issues on appeal).

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

IV. **Conclusion**

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be

totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE